UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANETTE MOORE AKA JANETTE PIERRE-LOUIS, <br><br> Plaintiff, <br><br> -against- <br><br> US CONGRESS/UNITED STATES OF AMER., <br><br> Defendants. | 20-CV-10240 (JPO) <br><br> <u>ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651</u> |

J. PAUL OETKEN, District Judge:

Plaintiff, appearing *pro se*, brings this action against the United States Congress and the United States of America, alleging that from September 2019, to the present day, her constitutional rights were violated in four City of New York Boroughs (Bronx, Brooklyn, Manhattan, and Queens), Nashville, Tennessee, Washington, D.C., Jamaica, Italy, Canada, and England. Plaintiff paid the filing fees to initiate this action.

The Court dismisses the complaint as frivolous and orders Plaintiff to show cause why she should not be barred from filing any further actions in this Court without first obtaining permission from this Court to file her complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following allegations are taken from the 83-page complaint:[1]  "The plaintiff took the responsibilities to **PUBLICLY** expose herself to risks involved in enforcing the legal ramifications and issuance of penalties to Criminal Terrorist Immigrants."  (ECF 1 at 8.)  But "Congress has **failed** to prove their [sic] responsibilities to protect, preserve and prevent continuous violations of victims and harmed civilians as requested by plaintiff in detailed evidence in complaints no. 19 CV 9760 and 20 CV 00916."  (*Id.*)  Plaintiff contends that:

> **Evidence** continues to prove true to resulting failure of resolution of the Balancing Test, of the millions of crimes and violations witnessed by plaintiff and other civilians via USA satellite proceedings, of Civil Actions no. 19 CV 9760 and no. 20 CV 00916 which legally addressed **GROSS NEGLIGENCE** via US Congress, Federal Color Authorities, and Civilians who are all liable for coordination of appropriate legal interventions among family members and other advocates.

---

[1] Plaintiff uses irregular capitalization and bold letters, neither of which the Court has altered.

(*Id.* at 10.)   She also contends that:

> Federal Instrumentalities and Personnel State Police . . . Conspiracy, Hate Crimes, Rape, Molestation Enforcement Violations of Plaintiff Witness of thousands of crimes, exercised by immigrations from the Continent of Africa, China, Puerto Rico, Haiti, Philippines, Guyana, India, Mexico, Russia, France, South America, Virgin Islands et. Al after confession of crimes acknowledge[d] by millions of injured victims.

(*Id.* at 77.)

> As for any injuries sustained, Plaintiff claims that since 2014, she has

> observed 100% Criminal Paradigm and criminal dilemma of too may civilians from counties all over the world who . . . [caused] multiple harm to innocence individuals in USA and Jamaica including but not limited to 1. Multiple Sclerosis diseases induced by chemical 2. Babinski Disease induced by chemical ingestion and DNA 3. Falsification of Academic credentials held by these criminals, e.g. professional license And professional degrees," as well as 34 other alleged harms.

(*Id.* at 15.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely.  *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## ORDER TO SHOW CAUSE

In the complaint, Plaintiff references her two prior frivolous actions filed in this Court: *Moore v. United States of American/US Congress*, ECF 1:20-CV-0916, 2 (S.D.N.Y. Feb. 6, 2020)

and *Moore v. United States*, ECF 1:19-CV-9760, 4 (S.D.N.Y. Oct. 31, 2019).  In the 19-CV-9760 case, Judge Jesse M. Furman of this Court dismissed the action brought against the United States of America, in which Plaintiff asserted the same types of claims she asserts here.  Judge Furman dismissed that action under the doctrine of sovereign immunity and as frivolous.  *See* ECF 1:19-CV-9760, 4.  In the 20-CV-0916 case, Judge George B. Daniels, also of this Court, dismissed the action on the same grounds as in the 19-CV-9760 case and warned Plaintiff that further duplicative or frivolous litigation in the Court will result in an order barring her from filing new civil actions in this Court without prior permission.  *See* ECF 1:20-CV-0916, 6 (citing 28 U.S.C. § 1651).

In light of this litigation history and Judge Daniels' warning, the Court orders Plaintiff to show cause why she should not be barred from filing any further actions in this Court without first obtaining permission from this Court to file her complaint.  *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").  Within sixty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon her.  If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further actions in this Court unless she obtains permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

4

Plaintiff's complaint is dismissed as frivolous.  *See Fitzgerald*, 221 F.3d at 363–64.

Plaintiff shall have sixty days to show cause by declaration why an order should not be entered

barring her from filing any future action in this Court without prior permission.  A declaration

form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:     December 16, 2020
           New York, New York

_____
                  J. PAUL OETKEN
              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

Signature

Name

Prison Identification # (if incarcerated)

Address

City          State     Zip Code

Telephone Number (if available)

E-mail Address (if available)